**DAVID B. JONELIS (SBN 265235)**
djonelis@lavelysinger.com
**KELSEY J. LEEKER (SBN 313437)**
kleeker@lavelysinger.com
**LAVELY & SINGER, P.C.**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Tel: (310) 556-3501
Fax: (310) 556-3615

Attorneys for Plaintiff
ALAN LAZAR

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALAN LAZAR, an individual,<br><br>Plaintiff,<br>v.<br><br>AMAZON STUDIOS LLC, a corporation, and DOES 1-10,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br>**For**<br>**1. COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 *et seq.*)**<br>**2. BREACH OF CONTRACT**<br>**3. ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ALAN LAZAR, by and through his attorneys, Lavely & Singer, P.C., hereby alleges against Defendants AMAZON STUDIOS LLC ("Amazon"), and DOES 1-10, (collectively, "Defendants"), as follows:

**INTRODUCTION**

1. The *drama* may be what draws viewers into the world-renowned reality television show, *The Real Housewives of Beverly Hills* (the "RHOBH Series"), but that drama should not extend to compensating the hardworking talent behind the scenes. Unfortunately, however, that is exactly what happened here.

2. Plaintiff Alan Lazar composed and recorded the iconic opening theme song (the "Title Theme") for the RHOBH Series, but Defendants have refused to fairly compensate him for his pivotal and easily recognizable creation, to which he owns the copyrights, despite the song's clear and unequivocal role in launching the RHOBH Series into the success it is today.

3. Mr. Lazar has been a successful musician and composer for over 40 years and is well-regarded by both the music industry and fans alike. Indeed, it was based on his established reputation that Evolution Film & Tape, Inc., later known as Evolution Media (hereafter, "Evolution"), the predecessor-in-interest to Amazon, first engaged him back in 2010 to create music cues for its then-unknown television program, the RHOBH Series.

4. After its inception, the RHOBH Series grew into an iconic staple in reality television and in the general pop culture zeitgeist. It is undeniable that Mr. Lazar's music has become a fundamental component of the RHOBH Series, setting the musical tone for both that series and its numerous spin-offs. Indeed, after realizing the significance of Mr. Lazar's work to the first season of the RHOBH Series, Evolution continued to engage him to create music cues for ten seasons of the program, and also engaged him to create cues for other "Real Housewives" series (such as *The Real Housewives of Orange County*). Mr. Lazar's cues have since been continually exploited by Defendants – so much so that he receives the

main "Music By" credit on the RHOBH Series, which will premiere its fourteenth season in on November 19, 2024.

5. Despite Mr. Lazar's considerable contributions to the RHOBH Series' success, Defendants have materially violated (and continue to violate) his intellectual property rights by exploiting his Title Theme song without a license since the show's inception. Indeed, as a representative of Evolution recently acknowledged, Mr. Lazar's only agreement with Defendants is an agreement to create "cues" for the show. The agreement does not cover (or even contemplate) the creation of a Title Theme, nor was Mr. Lazar compensated pursuant to that agreement for his valuable creation of the Title Theme.

6. What's more, Defendants have ***also*** failed to account for and pay the substantial foreign broadcast and streaming mechanical royalties generated by Mr. Lazar's music cues for the RHOBH Series and related "Real Housewives" programs, in violation of his agreement with Evolution (later bought by Amazon). As a result of the constant and worldwide exploitation of Mr. Lazar's cues over the past fourteen years, he has received substantial payments for his share of the earned performance royalties alone. Yet, he has ***never received even a single cent*** in foreign mechanical royalties, even though substantial foreign mechanical royalties have undeniably accrued.

7. Thus, by this action, Mr. Lazar seeks to put an immediate and permanent end to Defendants' illegal conduct, to recover the substantial damages to which he is entitled as a result of Defendants' intentional and pervasive infringement of his intellectual property and contractual rights, and to obtain an accounting of both his foreign mechanical royalties as well as the monies generated by the unauthorized exploitation of his Title Theme.

8. Defendants hired Mr. Lazar because he is the best at what he does, and now he must be paid accordingly. Or as Lisa Vanderpump would say, "The crown is heavy, darlings. So just leave it where it belongs."

**PARTIES, JURISDICTION AND VENUE**

9. Plaintiff Alan Lazar ("Plaintiff" or "Mr. Lazar") is, and at all times relevant hereto has been, an individual who resides and does business in the County of Los Angeles, State of California.

10. Defendant Amazon is a California limited liability company, with its principal place of business in the County of Los Angeles, State of California, and conducting business in the County of Los Angeles, State of California.

11. Plaintiff is informed and believes and based thereon alleges that the fictitiously named defendants sued herein as Does 1 through 10, inclusive, and each of them, were in some manner responsible or legally liable for the events, actions, transactions, and circumstances alleged herein. The true names and capacities of said fictitiously named defendants, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of this Court to amend this Complaint to assert the true names and capacities of said fictitiously named defendants when they become known to Plaintiff. Hereinafter all defendants, including Does 1-10, will sometimes be referred to collectively as "Defendants."

12. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, were the agents, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, partnership, employment, conspiracy, ownership, or joint venture. Plaintiff is further informed and believes and based thereon alleges that the acts and conduct herein alleged of each Defendant was and is known to, authorized by, and/or ratified by the other Defendants, and each of them, and that Defendants were at all times relevant hereto acting in concert with one another to commit and engage in the wrongful conduct alleged herein.

13. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants acted in concert, conspired, and agreed among themselves to commit the wrongful acts and practices alleged in this Complaint, and that such acts and practices were committed pursuant to and in furtherance of such conspiracy, agreement, and common goal, and with the consent and approval of each of the Defendants. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants are liable as a direct participant, co-conspirator, and/or aider and abettor of the wrongful acts and practices alleged herein this Complaint.

14. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101, *et seq*. This Court has exclusive federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.

15. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)(1)-(2) because Defendants, and each of them, are subject to personal jurisdiction in this District and a substantial part of the events, acts and/or omissions giving rise to the claims herein occurred in this District. This Court has personal jurisdiction over Defendants because they regularly transact and solicit business in this District, including by producing a reality television show that infringes Plaintiff's copyrights to customers in the United States, including in California and in this District. Upon information and belief, Defendants derive revenue from interstate commerce. The amount in controversy well exceeds $75,000, some of which damages Plaintiff sustained in the County of Los Angeles.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A. Plaintiff's Agreement to Compose Music Cues

16. On or around June 16, 2010, Plaintiff entered into an agreement (the "Agreement"), with Amazon's predecessor-in-interest, Evolution, pursuant to which Plaintiff agreed to "compose, arrange, produce, and record" original music cues (the "RH Cues") (***but not a title theme***) for Evolution's use in the RHOBH

Series.[1] As consideration for his services, Evolution agreed to pay Plaintiff a flat fee of $225 per each RH Cue in addition to "mechanical royalties," which were to be "calculated and paid in the same manner as mechanical royalties are calculated and paid" to Evolution by any distributor(s).

17. Plaintiff is informed and believes that Evolution's rights and obligations under the Agreement were subsequently subsumed by its successor-in-interest, Amazon.

**B. Plaintiff Has Not Been Paid Any Mechanical Royalties**

18. After creating the RH Cues for the first season of the RHOBH Series, Evolution continued to engage Plaintiff to create music cues for ten seasons of the program. Evolution also hired Plaintiff for five seasons of *The Real Housewives of Orange County* (the "RHOOC Series") and to score *Tamra's OC Wedding*, a spin-off of the RHOOC Series that ran for several episodes. Significantly, while creating cues for the RHOBH Series and RHOOC Series, Plaintiff created anywhere between 20-40 cues per season that were added to Evolution's (and now, Amazon's) library for its use at its discretion. Accordingly, to this day, Plaintiff's music cues and scores have been used (and are still being used) in broadcasts of the seasons of the programs for which they were originally created, as well as subsequent seasons of those same programs and entirely different programs, including but not limited to several seasons of *The Real Housewives of Dallas* (the "RHOD Series"), which debuted in 2016.

19. As a result of the constant and worldwide exploitation of Plaintiff's RH Cues over the past fourteen years, he has received substantial payments from

---

[1] A true and correct copy of the Agreement is attached hereto as **Exhibit A**. Plaintiff also later entered into agreements with Evolution that are substantially similar to the Agreement for subsequent production cycles of the RHOBH Series and the multiple spinoff series. These are referred to collectively herein as the "Agreement."

his share of the earned performance royalties ***alone***. Still, Plaintiff has never received even ***a single cent*** in foreign mechanical royalties from Defendants.

20. On information and belief, substantial foreign mechanical royalties have accrued, a portion of which are owed to Plaintiff pursuant to the Agreement.

**C. Defendants Have Exploited the Title Theme Without a License**

21. Separate and apart from Plaintiff's obligations under the Agreement, Evolution orally requested in or around July 2010 that Plaintiff create the Title Theme for the RHOBH Series. As compensation for his initial time spent writing and recording the Title Theme, Plaintiff was paid $3,500, which is a rate ***fifteen times higher*** and distinctly different from the rate that Plaintiff was to be paid for creating the RH Cues under the Agreement.

22. The oral agreement under which Plaintiff wrote and recorded the Title Theme was never commemorated by a written agreement, nor was the Title Theme referenced in any subsequent written agreement between Plaintiff and Defendants. Nor was there ever an expressed understanding by either side, let alone a mutual understanding, that the Title Theme would be a work made for hire under the Agreement. Thus, because there is no writing memorializing the terms of ownership and compensation for the Title Theme, Defendants do not have any copyright or other ownership rights in or to the Title Theme. Rather, those rights reside solely with Plaintiff.[2]

23. Notably, one of Evolution's own representatives recently reached out to Plaintiff to inquire about the existence of a written agreement for the Title Theme – thus acknowledging that the Title Theme was ***not*** covered by the terms of the Agreement.

---

[2] Attached hereto as **Exhibits B** and **C** are true and correct copies of the United States Copyright Office records for Plaintiff's federal registration of the sound recording and the composition of the Title Theme, respectively (hereafter, the "Title Theme Copyrights").

24. As the sole creator of the Title Theme, who never assigned any rights therein to Defendants, Plaintiff remains the exclusive owner of the Title Theme Copyrights and has the exclusive right to license and otherwise exploit this work.

25. Despite Plaintiff's sole ownership of the Title Theme Copyrights, Defendants have been improperly exploiting the Title Theme for years without a valid license. In doing so, Defendants have violated Plaintiff's federal copyright interests. Plaintiff is thus entitled to all the royalties that have been received by Defendants or any of their predecessors-in-interest for the past and ongoing exploitation of the Title Theme in their programming.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement 17 U.S.C §§ 101, *et seq*.)**

**(Plaintiff Against All Defendants)**

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 of this Complaint as if set forth in full herein.

27. As alleged above, Plaintiff is the owner of the Title Theme Copyrights in and to the Title Theme, and has registered its copyright interests therein with the United States Copyright Office prior to filing this action. *See* Exhibits B and C.

28. By engaging in the conduct described herein, including by exploiting the Title Theme in connection with the RHOBH Series and related programs, Defendants have infringed Plaintiff's exclusive federal rights in and to the Title Theme.

29. Defendants actively and willfully infringed the Title Theme Copyrights, and have continued to maliciously infringe the Title Theme Copyrights despite having been sent multiple requests for compensation by Plaintiff's counsel.

30. At no time has Plaintiff ever authorized or consented to Defendants' infringing conduct described herein.

31. Defendants' infringement of Plaintiff's Title Theme Copyrights has been and continues to be intentional, willful, and with full knowledge of Plaintiff's rights.

32. Each advertisement, distribution, dissemination, and/or other unauthorized exploitation of the Title Theme by Defendants constitutes a distinct and continuing act of infringement of the Title Theme Copyrights.

33. As a direct and proximate result of Defendants' infringement of Plaintiff's Title Theme Copyrights and exclusive rights under the United States Copyright Act, Plaintiff has been damaged in an amount not yet fully ascertainable, but which is believed to be in excess of Ten Million Dollars ($10,000,000). Plaintiff is entitled to damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement.

34. Defendants' conduct threatens to cause, is causing, and unless enjoined and restrained by this Court will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated for or measured in money damages alone. Plaintiff has no adequate remedy at law. Accordingly, pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunction prohibiting further infringements of his copyrights.

## SECOND CLAIM FOR RELIEF

**(Breach of Contract)**

**(Plaintiff Against All Defendants)**

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 of this Complaint as if set forth in full herein.

36. As alleged, Plaintiff entered into the valid and binding Agreement with Defendants pursuant to which Defendants agreed to pay Plaintiff a flat fee of $225 per each RH Cue in addition to, *inter alia*, "mechanical royalties," which were to be "calculated and paid in the same manner as mechanical royalties are calculated and paid" to Evolution by any distributor(s).

37. In addition to the express provisions of the Agreement set forth above, an implied covenant of good faith and fair dealing also existed which precluded Defendants from doing anything that would injure Plaintiff's right to receive the benefits of the Agreement.

38. Plaintiff has performed all conditions, covenants and promises required of him pursuant to the terms of the Agreement, except those conditions, covenants and promises which have been prevented or otherwise excused by Defendants' conduct.

39. On information and belief, substantial foreign mechanical royalties have accrued for the RH Cues, for which Plaintiff has not been paid his contractually-mandated share.

40. Defendants have breached the Agreement by failing to pay Plaintiff ***any*** foreign mechanical royalties for the RH Cues pursuant to the Agreement.

41. Alternatively, to the extent Defendants' conduct did not constitute a breach of the express provisions of the Agreement, it nevertheless constituted a breach of the implied covenant of good faith and fair dealing.

42. As a direct and proximate result of Defendants' material breaches of the Agreement, Plaintiff has suffered harm and is entitled to damages in an amount to be proven at trial, but which is no less than One Million Dollars ($1,000,000).

## THIRD CLAIM FOR RELIEF

**(Accounting)**

**(Plaintiff Against All Defendants)**

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 of this Complaint as if set forth in full herein.

44. As alleged, Plaintiff is entitled to the profits that Defendants have enjoyed from their unauthorized exploitation of the Title Theme.

45. In addition, pursuant to the Agreement, Plaintiff is entitled to mechanical royalties for the RH Cues.

46. By commercially exploiting the Title Theme without accounting to Plaintiff for the profits, Defendants have wrongfully deprived Plaintiff of his rightful share of the income therefrom.

47. Further, by commercially exploiting the RH Cues without accounting to Plaintiff for the mechanical royalties accrued in connection therewith, Defendants have wrongfully deprived Plaintiff of his rightful share of those royalties.

48. Defendants are in sole control of the books and records related to the income derived from the Title Theme, which are needed to ascertain the amounts due to Plaintiff as the owner of the Title Theme Copyrights, as well as the books and records related to the mechanical royalties collected for the RH Cues, a portion of which are due to Plaintiff pursuant to the Agreement. Plaintiff has no alternative means by which he can assemble the information necessary to calculate what is owed to him by Defendants.

49. Plaintiff is entitled to an order of this Court directing Defendants to render a complete and honest accounting of all revenues derived from all exploitations of the Title Theme, all mechanical royalties collected for the RH Cues, and all sums due to Plaintiff and to pay Plaintiff the sums shown due by such accounting.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For preliminary and permanent injunctions enjoining and restraining Defendants, their agents, employees, representatives, partners, joint venturers, online store platform and/or host providers, registrars and anyone acting on behalf of, or in concert with Defendants, from in any way exploiting the Title Theme Copyrights;

2. For an award to Plaintiff of all profits earned by Defendants from their exploitation of the Title Theme;

3. For compensatory damages according to proof, for Defendants' violation of Plaintiff's registered copyrights, in an amount not yet fully ascertainable, but in excess of Ten Million Dollars ($10,000,000);

4. For general and compensatory damages, for Defendants' breaches of the Agreement, in an amount according to proof at trial, but which is in excess of One Million Dollars ($1,000,000);

5. For an accounting of all revenues derived from all exploitations of the Title Theme, and an order that Defendants hold all such revenues in a constructive trust for the benefit of Plaintiff;

6. For an accounting of all mechanical royalties collected for the RH Cues, and an order that Defendants hold all such revenues in a constructive trust for the benefit of Plaintiff;

7. For prejudgment and post-judgment interest on all damages awarded by this Court; and

8. For such other and further relief as the Court deems just and proper.

Dated: November 12, 2024

LAVELY & SINGER
PROFESSIONAL CORPORATION
DAVID B. JONELIS
KELSEY J. LEEKER

By: /s/ *David B. Jonelis*
DAVID B. JONELIS

Attorneys for Plaintiff
ALAN LAZAR

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a jury trial on all issues triable set forth in this Complaint.

Dated: November 12, 2024

LAVELY & SINGER
PROFESSIONAL CORPORATION
DAVID B. JONELIS
KELSEY J. LEEKER

By: /s/ *David B. Jonelis*
DAVID B. JONELIS

Attorneys for Plaintiff
ALAN LAZAR