UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:24-cv-09748-SVW-KS                                    Date: October 2, 2025

Title     *Lazar v. Amazon Studios, LLC,*


Present:  The Honorable:     Karen L. Stevenson, Chief United States Magistrate Judge


| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:


**Proceedings: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RULE 30(b)(6) TESTIMONY**


**INTRODUCTION**


Plaintiff Alan Lazar commenced this action for copyright infringement, breach of contract, and an accounting against EFT Media Productions LLC ("EFT Media") on November 11, 2024.  (Dkt. No. 1.)  On August 27, 2025, following an informal discovery conference, the Court directed the parties to file letter briefs addressing a discovery dispute concerning the testimony provided by Alex Baskin as the Rule 30(b)(6) designee for EFT Media.  (Dkt. No. 33.)  On September 10, 2025, Plaintiff filed an opening letter brief with related exhibits (the "Motion").  (Dkt. No. 68.)[1]  Defendant EFT Media filed its Opposition Letter Brief and related exhibits on September 12, 2025 ("Oppo. Br.") along with an application to seal.  (Dkt. No. 77.)  On September 15, 2025, Plaintiff filed a Reply in support of the Motion ("Reply").  (Dkt. No. 86.)

The Court has taken the matter under submission for decision without further oral argument.  Having considered the parties' arguments and the applicable discovery rules, Plaintiff's Motion is GRANTED subject to the limitations outlined below.

\\
\\
\\
\\

---

[1]  Plaintiff also filed an Application to File Under Seal portions of its opening brief and exhibits.  (Dkt. No. 65.)  Presiding District Judge Stephen V. Wilson granted the Application to Seal on September 10, 2025.  (Dkt. No. 69.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:24-cv-09748-SVW-KS                                Date: October 2, 2025

Title    *Lazar v. Amazon Studios, LLC,*


**THE PARTIES' ARGUMENTS**

Plaintiff contends that EFT Media's Rule 30(b)(6) deposition testimony provided by designee Alex Baskin was inadequate and must be supplemented because Mr. Baskin could not provide essential testimony about money EFT Media received for music that Plaintiff created for the hit reality program Real Housewives of Beverly Hills ("RHOBH") under a 2009 Production Services Agreement between contract between EFT Media and Bravo television network (the "PSA").  (Motion at 1.)  Topic 3 in Plaintiff's Rule 30(b)(6) deposition notice sought testimony on the following:

> "EFT's agreement with Bravo Media Productions LLC dated August 3, 2009, including but not limited to what monies were received pursuant to its terms."

(Motion, Dkt. No. 68 at 1, and Ex. E.)  Plaintiff argues that Mr. Baskin was unprepared to testify with any specificity about this topic and admitted that he did not look at any documents or confer with anyone to prepare for this topic.  (Reply at 1.)

Plaintiff emphasizes that Mr. Baskin did not know any figure for money received as contingent participation by EFT Media from Bravo, and more importantly, did not look at any documents concerning contingent participation amounts paid and did not speak with anyone who could have given him information concerning the topic.  (*Id.*)  Plaintiff argues that it should be permitted to take a further Rule 30(b)(6) deposition with an adequately prepared and knowledgeable witness.  (Letter Br. at 2.)  Plaintiff maintains this financial information is essential to establish his damages.

EFT Media argues that Mr. Baskin adequately answered Plaintiff's questions  regarding Topic No. 3 and Plaintiff's Motion is purely an effort to delay the resolution of EFT Media's pending motion for summary judgment. (Oppo. Br. 1.)[2]  Indeed, EFT Media maintains that  Mr. Baskin satisfied his designee obligations because he was able to give a broad estimate of total money EFT Media made pursuant to the PSA since 2010.  (*Id.*)  Indeed, EFT Media argues that Plaintiff does not need greater specificity regarding the money EFT Media received under the

---

[2] The Court takes judicial notice of the fact that the presiding district judge held oral argument on the motion for summary judgment on September 29, 2025.  (Dkt. No. 107.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-09748-SVW-KS                                    Date: October 2, 2025

Title     _Lazar v. Amazon Studios, LLC,_

PSA because, if the information was that essential, Plaintiff "would have cited [Baskin's total estimated figure] in his opposition to Evolutions' [summary judgment] motion."  (_Id._)

**LEGAL STANDARDS**

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1); _see Oppenheimer Fund, Inc. v. Sanders_, 437 U.S. 340, 351-52 (1978); _see also In re Williams-Sonoma, Inc._, 947 F.3d 535, 539 (9th Cir. 2020).  Rule 26(b)(1) identifies six factors to be considered when determining if the proportionality requirement has been met, namely, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  FED. R. CIV. P. 26(b)(1).  Relevant information need not be admissible to be discoverable.  _Id._; _see Scherer v. FCA US, LLC_, 538 F. Supp. 3d 1002, 1005-06 (S.D. Cal. 2021).

Rule 30(b)(6) allows a party to notice a corporation's deposition either by noticing a particular corporate officer director or managing agent's deposition or without specifically naming the individual but by listing "with reasonable particularity" topics on which the examination is requested.  FED. R. CIV. PROC. 30(b)(6); and see _Bd. Of Trustees of Leland Stanford Junior University v. Tyco Intern. Ltd._ 253 F.R.D. 524, 525 (C.D. Cal. 2008).  A deposition taken pursuant to Rule 30(b)(6) is the corporation's testimony, and where, as here, the corporation is a party to the lawsuit, "the testimony may be used at trial by an adverse party for any purpose."  _GTE Prods. Corp. v Gee_, 115 F.R.D. 67, 68 (D. MA 1987)

**DISCUSSION AND ANALYSIS**

Having reviewed the parties' moving papers and related exhibits, the Court finds that the information Plaintiff seeks in Topic No. 3 regarding monies EFT received under the PSA in connection with RHOBH is both relevant and proportional to the needs of this case in this contract dispute.  EFT Media's insistence that Plaintiff does not need the financial information sought in Topic No. 3 to oppose defendant EFT's motion for summary judgment misses the point and ignores EFT's clear obligation to have prepared its Rule 30(b)(6) designee for the noticed topics, including Topic No. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:24-cv-09748-SVW-KS                                    Date: October 2, 2025

Title      *Lazar v. Amazon Studios, LLC,*


Mr. Baskin no longer works at EFT, but had an extensive prior history with EFT, where he worked from 2006 – 2022 and was president of the company when he left.  Nevertheless, it is clear from the transcript that he did little, if any, preparation for the designee deposition and virtually nothing to obtain any information about EFT's financial performance under the PSA.  If Baskin had been called to testify in his individual capacity, this lack of knowledge could have been acceptable, but as the corporate designee, EFT was obligated to educate its designee on this key deposition topic.  *See e.g., Great American Ins. Co., of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 539 ("a corporation has a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter.") (internal citations omitted).  Here, EFT clearly did not do so.

EFT argues that Plaintiff could (and should) have sought this financial information through additional written discovery.  (Oppo. at 6 n.3.)  But the Federal Rules of Civil Procedure provide multiple methods for litigants to obtain relevant information in discovery.  The failure to request information through written discovery in no way relieved EFT Media of its obligation to adequately prepare its Rule 30(b)(6) designee to provide meaningful and fulsome testimony on the topics as noticed.

Accordingly, Plaintiff's Motion is GRANTED as follows:

(1)  EFT Media must produce, within five (5) days of the date of this ORDER, a designee sufficiently prepared to testify regarding Topic #3, as outlined in the original Rule 30(b)(6) Deposition Notice, including total monies EFT Media received under the PSA for music associated with RHOBH for the time period 2010 –2023.

(2) The deposition on this single topic may be no longer than 2.0 hours.


**IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | gr |

---